IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC ANTHONY JONES,** : | **CIVIL ACTION** |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | No. 11-6698 |
| : | |
| **CAROLYN W. COLVIN,** : | |
| : | |
| **Defendant.** : | |

# ORDER

**AND NOW**, this 1st day of October, 2013, upon consideration of Plaintiff's request for review and Defendant's response, and after careful review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell and the objections thereto, it is hereby **ORDERED** that:

1. The relief requested in Plaintiff's Motion for Summary Judgment and Request for Review is **DENIED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. Plaintiff's objections are **OVERRULED**[1];

---

[1] This Court's review of the Commissioner's decision to deny disability benefits is deferential. The Commissioner's decision must be affirmed if it is "supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); see also 42 U.S.C. § 405(g). Claimant raises two main objections to the Report and Recommendation. First, he argues that Magistrate Judge Angell erred in concluding that the Administrative Law Judge (ALJ) properly evaluated his obesity as it relates to his other conditions. Second, he argues that the Report and Recommendation was incorrect in concluding that the ALJ's determination that he could "perform less than the full range of light work" was supported by substantial evidence.

As to the first objection, Claimant cites Diaz v. Commissioner of Social Security, 577 F.3d 500, 504 (3d Cir. 2009), in which the Third Circuit Court of Appeals emphasized that the

"ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." Here, the ALJ made the following observations as to Claimant's obesity:

- Claimant weighs 267 lbs. and is 5'8" tall. (AR 14.)
- Claimant's obesity is a "severe impairment" that is a "significant limitation in the claimant's ability to perform basic work activities." (AR 12.)
- Claimant's obesity "does affect his other impairments," and must be "taken into account in reaching . . . conclusions." (AR 14.)
- Claimant's doctor has "recommended that he lose weight," but claimant was only able to "lose 3 lbs. by changing his diet, eating less and eating fruit." (AR 15.)
- Claimant has similarly been "encouraged to lose weight and diet" in connection with treatment for his sleep apnea. (AR 16, 243.)

The ALJ concluded that Claimant could perform a "less than the full range of light work," including potential jobs as a parking lot cashier attendant and an information clerk. (AR 19.) The ALJ also determined that these jobs were available in significant numbers in the national and regional economy, a finding Claimant does not challenge.

Claimant faults the ALJ for "fail[ing] to provide any discussion of the evidence and an explanation of reasoning and fail[ing] to evaluate the interplay between the effects of [Claimant's] obesity, obstructive sleep apnea and right hip avascular necrosis." However, his objections do not contain a single citation to record evidence that would have supported a finding by the ALJ that his obesity, considered either individually or in connection with other impairments, added any work restrictions above and beyond those imposed by his other impairments. He is unable to offer any reasons why his obesity would have prevented him from performing the tasks identified as part of his residual functional capacity. Indeed, an independent review of the record indicates that while doctors identified obesity as an ongoing medical problem for Claimant, and one that surely affected his other conditions, (AR 243, 259, 335), it was never viewed as imposing any additional limitations. The State medical consultant indicated that Claimant had no "exertional limitations," (AR 291), and a separate evaluation by a different doctor discussing Claimant's lack of mobility attributed that impairment to his hip problems, without any reference to obesity, (AR 334). (As to his hip, the record indicates that Claimant was scheduled for a hip replacement in April 2011. (AR 339.) It is unclear whether that procedure occurred.

In short, the ALJ was not required to analyze further the connection between Claimant's obesity and his other impairments when his doctors' reports apparently found the connection not worth mentioning. Claimant himself even failed to mention obesity when the ALJ asked him why he was unable to work. The Third Circuit has previously rejected objections to an ALJ's analysis when the claimant had "not specified how [obesity] would affect the five-step analysis . . . beyond an assertion that her weight makes it more difficult for her to stand, walk and manipulate her hands and fingers." Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). In this case, Claimant has failed even to make the "generalized response" that was found insufficient in Rutherford. Accordingly, Claimant's objection to the Report and Recommendation's assessment of the ALJ's obesity analysis is overruled.

4. Judgment is entered in favor of Defendant Michael J. Astrue, Commissioner of Social Security; and

5. The Clerk of Court is directed to mark this case **CLOSED**.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

**MITCHELL S. GOLDBERG, J.**

---

Further, there was substantial evidence to support the ALJ's conclusion that Claimant can perform a limited range of light work. An evaluation by the State medical consultant revealed no exertional restrictions, and recommended a residual functional capacity <u>greater</u> than the one the ALJ ultimately settled on. For example, while the ALJ limited her analysis to jobs in which Claimant could alternate sitting and standing at will, the State medical consultant's report contained no such restriction. And the ALJ also limited Claimant's balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs to a lower level than indicated in the report. (AR 290-95.) After reviewing the record, the Court concludes that substantial evidence, based on this and other medical evaluations, supported the ALJ's conclusion that Claimant could perform the limited range of light work she identified.

Claimant responds that the ALJ should have put greater weight on his assertions that he falls asleep very easily during the day, as many as ten or twenty times. (AR 43.) This finds some support in the record; for example, in an interview with the Social Security Administration, the interviewer indicated that Claimant "fell asleep 2 or 3 times." (AR 178.) Nevertheless, the record also revealed the Claimant's ability to sleep restfully at night had improved significantly after his tonsillectomy and use of a continuous positive airway pressure machine. (AR 260-61.) And the ALJ deemed incredible some of Claimant's testimony about the severity of his conditions for a perfectly rational reason: they were inconsistent with the medical evidence. This Court defers to the ALJ's credibility finding. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (noting that credibility determinations of a fact-finder who took evidence from live witnesses deserve great deference "for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said"). Furthermore, there is little other evidence in the record to indicate that Claimant's sleep issues prevent him from performing the type of work identified in the ALJ's opinion. Accordingly, the Court overrules Claimant's remaining objection.